JOURNAL ENTRY and OPINION
 I. {¶ 1} Defendant-appellant Citizens Insurance Company of America ("Citizens Insurance") appeals the trial court's grant of summary judgment in favor of plaintiff-appellee Jack Collier ("Collier"). Collier, as administrator of the estate of the deceased Richard B. Lucas ("the decedent"), brought suit against Citizens Insurance seeking declaratory judgment and money damages, following the fatal car accident of the decedent.
 {¶ 2} At the time of the accident, the decedent was employed by Contractors Steel Company ("Contractors Steel"), which was insured by Citizens Insurance under both a commercial automobile policy and an excess/umbrella policy. Further, at the time of the accident, the decedent was driving his own vehicle (a motorcycle) and was not within the scope of his employment.
 {¶ 3} Cross motions for summary judgment were filed to determine whether the decedent was covered under his employer's insurance policies and therefore entitled to the policies' uninsured and/or underinsured ("UM/UIM") coverage. The trial court granted summary judgment in favor of Collier pursuant to Scott-Pontzer v. Liberty Mutual Fire Ins. Co.
(1999), 85 Ohio St.3d 660, and thereby held that the decedent was covered by Citizens Insurance. Citizens Insurance brings three assignments of error for review.
 II. {¶ 4} Citizens Insurance argues that the trial court erred in finding that the decedent was covered under his employer's insurance policies. Specifically, Citizens Insurance maintains that the decedent was not covered under his employer's (A) commercial auto policy; (B) excess policy; or (C) umbrella policy.
 {¶ 5} Preliminarily, we note that our review of the trial court's grant of summary judgment is de novo. Further, the only issue for determination, whether the decedent is covered under the policies, is an issue of law. The policies are included in the record and there are no questions of material fact. Therefore, our standard of review is whether, after construing the evidence most strongly in favor of Citizens Insurance, reasonable minds can come to but one conclusion and that conclusion is adverse to Citizens Insurance. Civ.R. 56(C).
 A. 1. {¶ 6} As will be detailed below, the Commercial Auto Policy included UM/UIM coverage for "covered autos." The excess/umbrella policy, however, explicitly excluded UM/UIM coverage, but Citizens Insurance admits that it did not offer UM/UIM coverage under the excess/umbrella policy. Therefore, under Ohio law in effect at the time the excess/umbrella policy was entered into, UM/UIM coverage is included in the commercial auto policy. R.C. 3937.18.
 {¶ 7} Determination of coverage depends on (1) whether the decedent was an insured under the policy and (2) if he is an insured, whether the "covered auto" exception precludes coverage here.
 2. Whether the Decedent is an Insured {¶ 8} Attached to the "Business Auto Coverage" policy is an endorsement, "Ohio Uninsured Motorists Coverage — Bodily Injury." This endorsement states that "the provisions of the Coverage Form apply unless modified by the endorsement."
 {¶ 9} This endorsement defined an insured as follows:
 {¶ 10} "B. WHO IS AN INSURED?
 {¶ 11} "1. You.
 {¶ 12} "2. If you are an individual, any `family member'.
 {¶ 13} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto'. The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 14} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured'."
 {¶ 15} This language is identical to that found in Scott-Pontzer, which found that "you" was ambiguous and therefore applied to the employee of a business even when the business is the named insured and even when the employee is driving his own car outside the scope of his employment. According to Scott-Pontzer, we hold that the decedent here is an "insured" under his employer's commercial auto policy.
 3. Covered Auto Exclusion {¶ 16} Citizens Insurance argues, however, that the "covered auto" exclusion precludes Collier's claim. The exclusion, also found in the endorsement, states:
 {¶ 17} "This insurance does not apply to:
 {¶ 18} "* * *
 {¶ 19} "4. `Bodily injury' sustained by:
 {¶ 20} "a. You while `occupying' or when struck by any vehicle owned by you that is not a covered `auto' for Uninsured Motorists Coverage under this Coverage Form[.]"
 {¶ 21} In "Item Two-Schedule of Coverages and Covered Autos" of its "Business Auto Coverage Declaration," Citizens Insurance provides $1,000,000 per accident of UM/UIM coverage for certain "covered autos." Those autos included within the offered coverages are identified by a symbol that relates to the policy's "Business Auto Coverage Form." This form explains that the "symbols entered next to a coverage on the Declarations designate the only `autos' that are covered `autos.'" Business Auto Coverage Form, Section I.
 {¶ 22} The symbol next to the UM/UIM coverage on the Declarations is "02." In the "Business Auto Coverage Form," number 2 lists the covered autos as "Owned `Autos' Only," which are defined as "Only those `autos' you own (and for Liability Coverage any `trailers' you don't own while attached to power units you own). This includes those `autos' you acquire ownership of after the policy begins."
 {¶ 23} Finally, "Item Three" of the Declarations is a "Schedule of Covered Autos You Own." The schedule includes 96 autos, with their descriptions, serial numbers, and other information. There is no dispute that the decedent's motorcycle was not included in that schedule.
 {¶ 24} The schedule of covered autos seems to remove theScott-Pontzer ambiguity from the definition of "you," in that all of the covered autos listed in the schedule are owned by the named insured Contractors Steel. The covered auto exception itself, however, precludes a finding of clarity. The covered auto exception excludes from coverage bodily injury sustained by "you" when "occupying" (or when struck by) a covered auto. Under Scott-Pontzer's definition of "you," a corporation cannot occupy a vehicle and so "you" must refer to its employees. Here, as Collier argues, "you" is ambiguous in the definitions section of the policy, as well as in the covered auto exception.
 {¶ 25} Further, covered autos include those autos "you" own and those "you" acquire after the policy begins. Since "you" is held to include the decedent, his motorcycle is therefore held to be a covered auto. "You" (i.e., the decedent) had acquired ownership of the auto at the time of the accident.
 B. and C. {¶ 26} Citizens Insurance next argues that the decedent was not an insured under its excess/umbrella policy. An exclusion applicable to both the excess and the umbrella coverages explicitly excluded UM/UIM coverage. Excess/Umbrella Policy, Exclusions, I, F. However, Citizens Insurance never offered such coverage and there is no written waiver of such coverage, as required by law. R.C. 3937.18. Therefore, UM/UIM coverage, by operation of law, is included in Contractors Steel's policy.
 {¶ 27} The excess/umbrella policy makes explicit that two different coverages, excess and umbrella, are offered.[1] Under this policy, excess coverage is referred to as "Coverage A" and the umbrella coverage is referred to as "Coverage B." Further, an exclusion applicable to the umbrella coverage only explicitly excludes autos from coverage:
 {¶ 28} "III. APPLICABLE TO COVERAGE B [UMBRELLA] ONLY
 {¶ 29} "This policy does not apply to:
 {¶ 30} "* * *
 {¶ 31} "B. AUTOS
 {¶ 32} "Any liability or expense arising out of the ownership, maintenance, use or entrustment to others of any auto. * * *."
 {¶ 33} The statute in effect at the relevant time that requires the offering of UM/UIM coverage states:
 {¶ 34} "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both [UM and UIM] coverages are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insureds[.]" R.C. 3937.18
(eff. 9-3-97).
 {¶ 35} Inasmuch as the umbrella portion of the policy specifically excludes from coverage "any liability * * * arising out of the ownership, maintenance, use or entrustment to others of any auto[,]" Citizens Insurance was not required to offer UM/UIM coverage. UM/UIM coverage must be offered only when "automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle" is offered. R.C. 3937.18. Here, Citizens Insurance was not required, therefore, to offer automobile liability insurance in the umbrella portion of the policy.
 {¶ 36} Therefore, Citizens Insurance's argument as to the umbrella portion of the policy is well taken. Because no auto liability was covered under the umbrella portion, Citizens Insurance was not required to offer UM/UIM coverage and therefore UM/UIM coverage does not arise by operation of law.
 III. {¶ 37} In conclusion, we hold that the decedent was an insured under the commercial auto policy and that the "covered auto" exclusion does not preclude him from coverage. Further, we hold that the decedent is covered under the excess portion of the excess/umbrella policy but that the "auto" exclusion in the umbrella portion precludes UM/UIM coverage. Further, because Citizens Insurance did not offer UM/UIM coverage, as required by law, we hold that UM/UIM coverage applies to the commercial auto and excess liability policies. Finally, we hold that Citizens Insurance was not required to offer UM/UIM coverage under the umbrella portion of the excess/umbrella policy because the "auto" exclusion renders that portion of the policy outside the scope of R.C.3937.18.
Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
This cause is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
Costs to be divided equally between plaintiff-appellee and defendant-appellant.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., CONCURS WITH SEPARATE CONCURRING OPINION.
 DIANE KARPINSKI, J., CONCURS AND CONCURS WITH JUDGE ANNE L. KILBANE'SCONCURRING OPINION.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R.22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] Collier argues that Citizens Insurance failed to raise the issue, whether UM/UIM coverage existed under the umbrella portion of the excess/umbrella policy. We are reviewing the matter, however, de novo and will therefore consider Citizens Insurance's argument. In any event, the overriding issue for determination is whether coverage exists under the various policies. Citizens Insurance may argue that issue.